# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SUZANNE J. NEWMAN, ET AL. | § | |
| | § | |
| vs. | § | CASE NO. 2:10-CV-00003-TJW-CE |
| | § | |
| GENERAL MOTORS OF CANADA, LIMITED | § § § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Pending before the court is defendant General Motors of Canada, Limited's ("Defendant") motion to transfer venue (Dkt. No. 35). Defendant contends that the Amarillo Division of the Northern District of Texas is a more convenient forum than the Marshall Division of the Eastern District of Texas and, thus, seeks to transfer venue pursuant to 28 U.S.C. § 1404(a). The court, having considered the venue motion and the arguments of both parties, DENIES Defendant's motion to transfer venue because the balance of the "private" and "public" *forum non conveniens* factors demonstrate that the transferee venue is not "clearly more convenient" than the venue chosen by Plaintiff. *See In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

### II.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a fatal automobile accident that occurred on July 17, 2008 near Pampa, Texas, which is within the Northern District of Texas, Amarillo Division. Plaintiffs Suzanne Newman, Lauren Newman Terrell, Jason Newman, Ira Newman, and Shirley Newman (collectively "Plaintiffs") allege that Randall Newman was traveling westbound on FM 293 in a 2002 Chevrolet 1500 pickup when his vehicle was struck broadside by a flat-bed truck driven by Collin Bowers, who was traveling northbound on FM 2300. Randall Newman died instantly in

the accident. Plaintiffs filed this lawsuit on January 6, 2010, alleging products liability and negligence claims against Defendant.

## III. LEGAL STANDARD

Change of venue is governed by 28 U.S.C § 1404(a). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). But a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Volkswagen II*, 545 F.3d at 315.

The threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. *Id.* In making the convenience determination, the Fifth Circuit considers several "private" and "public" interest factors, none of which is given dispositive weight. *Id.* The "private" interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. The "public" interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern

the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315.

## IV. ANALYSIS

### A. Proper Venue

Plaintiffs concede that they could have originally filed this lawsuit in the Amarillo Division of the Northern District of Texas. As a consequence, the court turns to the private and public interest factors.

### B. Private Interest Factors

#### 1. *Cost of Attendance for Willing Witnesses*

The court must first weigh the cost for witnesses to travel to and attend trial in the Marshall Division of the Eastern District of Texas versus the Amarillo Division of the Northern District of Texas. The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d at 205. The court must consider the convenience of both the party and non-party witnesses. *See id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses").

At the time Plaintiffs filed their response, four out of the five Plaintiffs lived in Longview, Texas, which is merely 23 miles from the Marshall, Texas as opposed to 490 miles from Amarillo, Texas. At the pre-trial conference, however, Plaintiffs' counsel represented that all five of the Plaintiffs now live in Longview, Texas. Furthermore, Defendant does not argue

that travel to Amarillo, Texas will be more convenient for its representatives. Accordingly, Defendant correctly concedes that the Marshall Division will be a more convenient forum for the parties.

Defendant has identified seven non-party witnesses that it plans to call at trial to testify regarding matters argued to be relevant to this case. All of those non-party witnesses are located in the Northern District of Texas, within 50 miles of the Amarillo Division. Plaintiffs, however, have identified four non-party witnesses that they will call to testify regarding the mental anguish and loss of consortium damages Plaintiffs have suffered. Like the majority of the Plaintiffs, these witnesses all reside in Longview, Texas, which, as mentioned above, is just 23 miles from Marshall, Texas.

Plaintiffs have identified four non-party witnesses that will be forced to travel an extra 934 miles to attend trial in Amarillo, Texas as opposed to Marshall, Texas. Furthermore, the five Plaintiffs will likewise be forced to travel an extra 934 miles to attend trial in Amarillo, Texas. Considering this, although Defendant has identified seven non-party witnesses that will have to endure hardship if this case is not transferred to the Amarillo Division, the court concludes that this factor is neutral.

        2. *Availability of Compulsory Process*

The next "private" interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. A venue that has "absolute subpoena power for both deposition and trial" is favored over one that does not. *Volkswagen II*, 545 F.3d at 316. Rule 45 of the Federal Rules of Civil Procedure limits the court's subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Id.*

Although the seven non-party witnesses identified by Defendant as living within 50 miles of the Amarillo Division are outside of this court's *absolute* subpoena power, the four non-party witnesses residing in Longview, Texas are within this court's absolute subpoena power. Those four witnesses would be outside the absolute subpoena power of the Amarillo Division. Both courts do, however, have trial subpoena power over these witnesses, subject to the provisions of Rule 45(c)(3)(B)(iii). The court agrees, however, with Defendant that the Plaintiffs' non-party witnesses would likely be inclined to travel to Amarillo voluntarily. Considering this, the court finds this factor to weigh slightly in favor of transfer.

        3.      *Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the third "private" interest factor to consider. Defendant argues that this factor weighs in favor of transfer because the accident giving rise to this cause of action occurred within the Amarillo Division and much of the documents and physical evidence related to the accident are located in the Amarillo Division. Plaintiff, on the other hand, notes that the pickup truck at issue in this products liability lawsuit was delivered to Sun Pipeline Company ("Sun") by McKaig Chevrolet in Gladewater, Texas, which is within the Eastern District of Texas. Sun then registered the truck in White Oak, Texas, which is also within the Eastern District of Texas, and issued the truck to Mr. Newman. Mr. Newman drove the truck for approximately six to seven years, during which time McKaig Chevrolet performed warranty work on the vehicle in Gladewater, Texas. The wrecked truck is now located in a warehouse in Longview, Texas. Thus, Plaintiffs argue that the bulk of the physical evidence and records regarding the truck at issue in this lawsuit are located within the

5

Eastern District of Texas. Finally, Plaintiffs argue that all of the documents relating to their damages are located within the Eastern District of Texas.

Considering that both parties have identified a substantial amount of relevant evidence located in both venues, the court concludes that this factor is neutral.

4. *Other Practical Problems*

Practical problems include issues of judicial economy. Plaintiffs filed this case in January 2010, and venue in the Eastern District went uncontested for several months. Nevertheless, the court recognizes that any possible delay and prejudice associated with transfer is only relevant "in rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence." *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003). Finding no such circumstances, the court concludes that this factor is neutral.

**C.  Public Interest Factors**

1. *Court Congestion*

In its § 1404(a) analysis, the court may consider how quickly a case will come to trial and be resolved. This factor is neutral, as both this court and the Amarillo Division of the Northern District of Texas are capable of expeditiously handling this matter.

2. *Local Interest*

The court must consider any local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206. Interests that "could apply virtually to any

judicial district or division in the United States" are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318.

Defendant contends that this case is factually similar to *Volkswagen II* in which the Fifth Circuit held that the Eastern District of Texas had no local interest because:

> the accident occurred in the Dallas Division, the witnesses to the accident live and are employed in the Dallas Division, Dallas police and paramedics responded and took action, the Volkswagen Golf was purchased in Dallas County, the wreckage and all other evidence are located in Dallas County, two of the three plaintiffs live in the Dallas Division (the third lives in Kansas), not one of the plaintiffs has ever lived in the Marshall Division, and the third-party defendant lives in the Dallas Division.

*Volkswagen II*, 545 F.3d at 317-18. In this case, however, Plaintiffs live in close proximity to this court. The Plaintiffs would be hard-pressed to find a federal courthouse with a stronger local interest in the outcome of their lawsuit. As such, the court concludes that this court has as much of a local interest in the outcome of this case as does the Northern District of Texas. Accordingly, this factor is neutral.

### 3. *Familiarity with the Governing Law*

One of the "public" interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Both the Marshall Division of the Eastern District of Texas and the Amarillo Division of the Northern District of Texas are familiar with the applicable law, and thus this factor is neutral.

### 4. *Avoidance of Conflict of Laws*

No conflict of laws issues are expected in this case, so this factor does not apply.

## V.    CONCLUSION

Considering all of the "private" and "public" interest factors, Defendant has not met its burden to show that the Amarillo Division of the Northern District of Texas is "clearly more convenient" than the Marshall Division of the Eastern District of Texas.  As such, Defendant's motion to transfer venue is DENIED.

SIGNED this 26th day of April, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE